UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric David Jeter, #0288299, ) | C/A No. 0:05-1703-GRA-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Thomas McFadden, Investigator; ) | |
| Judge White, Magistrate, Florence S.C.; and ) | |
| Florence County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

The plaintiff, Eric David Jeter (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Florence County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

The complaint alleges Defendant McFadden improperly took property, or took property he wasn't supposed to, from Plaintiff's residence during a search and seizure made pursuant to a warrant. Plaintiff alleges property was seized that was clearly not authorized by the warrant, and property was taken but not listed as seized on the inventory list. In addition to Defendant McFadden, Plaintiff also sues the Florence County Sheriff's Department and the Judge who issued the search warrant. Plaintiff requests compensation for his property as well as an audit and investigation of his claims.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton



v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

Discussion

First, Sheriff's Departments in South Carolina are state agencies immune from suit under the Eleventh Amendment. Carroll v. Greenville County Sheriff's Dep't, 871 F. Supp. 844, 846 (D.S.C. 1994) (citing Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (1989)) ["It is well-established in this state that a sheriff's office is an agency of, and a sheriff "dominated by," the state, such that a suit against the sheriff in his official capacity is a suit against the State]. Therefore, this court does not have jurisdiction to entertain plaintiff's suit against the defendant Florence County Sheriff's Department. As for Judge White, the doctrine of judicial immunity precludes any claim in this Court against Judge White based on his judicial acts. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ["It has long been settled that a

2



judge is absolutely immune from a claim for damages arising out of his judicial actions."]. Hence, this Defendant is also entitled to summary dismissal.

As for the Defendant McFadden, who is subject to suit under § 1983 in his individual capacity, the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983.[1]  See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [section 1983 does not impose liability for violations of duties of care arising under state law]. Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517 (1984). Plaintiff alleges McFadden was not authorized to take the property at issue.

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Therefore, Plaintiff has

---

[1] A civil action for negligence would be cognizable in this court under the diversity statute if the statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Plaintiff's claim fails to meet the requirement for diversity of parties.



failed to present a cognizable claim to this Court, and this complaint should be dismissed for failure to state a claim against the named defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

June 30, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
